# DISCIPLINARY DOCKET

**97–1809. Disciplinary Counsel v. Burtt.**
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97–1809.

By order of this court dated April 7, 1993, in case No. 93–572, *In re Douglas A. Burtt,* Douglas Allen Burtt, Attorney Registration No. 0006356, last known address in Tiffin, Ohio, was suspended for an interim period from the practice of law pursuant to Gov.Bar R. V(5)(A). The court further ordered that the matter be referred to the Office of Disciplinary Counsel for investigation and commencement of disciplinary proceedings. On April 27, 1993, this court granted a stay of the suspension for thirty days and ordered that the interim suspension would commence on May 28, 1993.

On September 4, 1997, the Board of Commissioners on Grievances and Discipline filed its Amended Final Report in this court, recommending that pursuant to Gov.Bar R. V(6)(B)(2), the respondent, Douglas Allen Burtt, be suspended from the practice of law indefinitely with full credit for time served under the interim suspension and that full restitution be ordered. Respondent did not file objections to the Final Report and this cause was submitted to the court for consideration. While this matter was pending before the court, the court was advised of respondent's death. On consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that this cause be, and hereby is, dismissed.

IT IS FURTHER ORDERED that respondent's estate be taxed the costs of these proceedings in the amount of $923.76, which costs shall be payable to this court by certified check or money order on or before ninety days from the date of this order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue on the balance of unpaid board costs, effective ninety days from the date of this order.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent's estate bear the costs of publication.

*Tuesday, March 10, 1998*

# MOTION DOCKET

**97–1142. Sutowski v. Eli Lilly & Co.**
Certified State Law Question, No. 1:97CV1283. This cause came before the court on the certification of a state law question from the United States District for the Northern District of Ohio, Eastern Division. Upon consideration of the requests by respondents, Dart Industries, Inc., and Eli Lilly & Company, for additional time to present oral argument, currently scheduled for April 7, 1998,

IT IS ORDERED by the court that the requests for additional time to present oral argument be, and hereby are, granted, and the time for oral argument is extended to twenty minutes per side.